**LEWIS TREE SERVICE, INC.,**
**et al., Plaintiffs,**

v.

**LUCENT TECHNOLOGIES INC.,**
**et al., Defendants.**

**No. 99 CIV.8556 JGK.**

United States District Court,
S.D. New York.

Dec. 17, 2002.

Russel H. Beatie, Jr., Beatie & Osborn, New York City, for Lewis Tree Service, Inc.

Christopher H. Harris, James E. Tyrell, Jr., Hugh L. Burns, Latham & Watkins, New York City, Joseph E. Hopkins, Scott Louis Weber, Latham & Watkins, Newark, NJ, for Lucent Technologies, Inc., AT&T Corp.

### OPINION AND ORDER

KOELTL, District Judge.

This case was originally filed in the New York State Supreme Court, New York County in January, 1999, and was removed to this Court pursuant to 15 U.S.C. § 6614(c)(1) (the "Y2K act"). The claims of plaintiff Ned Davis Research, Inc. were dismissed, leaving only the plaintiffs Lewis Tree Service, Inc. ("Lewis Tree") and Ironman Magazine ("Ironman"). Lewis Tree and Ironman moved pursuant to Fed. R.Civ.P. 23 to certify a nationwide class action lawsuit of individuals who purchased, leased, or acquired any one of sixty telecommunications products that were sold by the AT & T Corporation ("AT & T") and its successor, Lucent Technologies, Inc. ("Lucent") (collectively "the defendants"), over a ten-year period and that allegedly contained defects related to processing of dates including and after January 1, 2000 (the "Y2K defect"). This Court dismissed the claims of Ironman on the grounds that Ironman had agreed to arbitrate those claims leaving only the claims of plaintiff Lewis Tree. By Opinion and Order entered on November 20, 2002,

this Court denied Lewis Tree's motion for class certification.

This Court requested the views of the parties as to whether this case should now be remanded to New York state court. Lewis Tree supports remand while the defendants oppose remand. For the reasons explained below, this case will be remanded to the New York State Supreme Court, New York County.

## I.

The Y2K act provides in relevant part,

A United States district court shall dismiss, or, if after removal, strike the class allegations and remand, any Y2K action brought or removed under this subsection as a class action if-

> (i) the action is subject to the jurisdiction of the court solely under this subsection; and

> (ii) the court determines the action may not proceed as a class action based on a failure to satisfy the conditions of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 6614(c)(3)(A). This section requires that a district court "shall" dismiss or remand an action, after its class allegations are stricken, if subsections (i) and (ii) are satisfied. Because this case is only in federal court pursuant to the Y2K Act and because Lewis Tree's motion for class certification was denied, the two subsections have been satisfied, and this Court is required to remand this action to state court. Consequently, the class allegations are stricken, and this case is remanded to the New York State Supreme Court, New York County.

The defendants argue that this case should not be remanded to state court. They analogize this case to cases involving the supplemental jurisdiction statute, 28 U.S.C. § 1367, in which federal courts have retained jurisdiction over causes of action against a defendant based entirely on state law, even though claims under federal law were dismissed against that defendant. See, e.g., Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650, 657 (2d Cir.1996).

However, cases involving questions of supplemental jurisdiction are inapposite to the present action. This Court did not have subject matter jurisdiction to adjudicate the state law causes of action in this case pursuant to § 1367, but pursuant to the Y2K Act, which provides that federal district courts have original jurisdiction over Y2K actions that are brought as class actions. See 15 U.S.C. § 6614(c)(1). The Y2K Act contains no provision vesting federal courts with subject matter jurisdiction over Y2K actions that are not class actions.

Additionally, unlike the supplemental jurisdiction statute, which permits a federal court to retain jurisdiction over a case when it has dismissed the federal claims, the Y2K Act requires that any case where class action certification is denied either be dismissed or remanded to state court, with the class action allegations stricken. Compare 28 U.S.C § 1367(c) (noting that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim") with 15 U.S.C. § 6614(c)(3)(A) (providing that a district court "shall dismiss, or .... strike class allegations and remand").[1]

---

1. It should also be noted that when all federal claims have been dismissed prior to trial, it is well within the discretion of the district court to decline to exercise supplemental jurisdiction. See Tops Markets Inc. v. Quality Markets, Inc., 142 F.3d 90, 102–03 (2d Cir.1998) (noting that "when all federal claims are eliminated in the early stages of the litigation, the balance of factors generally favors declining to exercise pendant jurisdiction over remaining state law claims and dismissing them without prejudice"); Bueno v. Sheldon, 99

The structure of the Y2K Act also counsels against retaining jurisdiction. Congress chose to vest federal courts with jurisdiction over Y2K class actions but not over actions that simply raise issues relating to Y2K failures. In cases where there is no class action allegation, and where the federal courts lack jurisdiction to hear the action, the substantive provisions of the Y2K Act, such as for example, provisions relating to liability and damages, are to be applied in state court. *See* 15 U.S.C. § 6602(1)(A) (defining Y2K actions to include lawsuits commenced in state court). In this case, where only one plaintiff, Lewis Tree, has only common law fraud and New Jersey Consumer Fraud Act claims against the defendants, Congress has not provided for this Court to retain jurisdiction over this action.

Finally, while an appeal of this Court's denial of class certification might have provided a reason to stay the order to remand, in order to avoid possibly mooting the appeal, the time for filing such an appeal has expired. Fed.R.Civ.P. 23(f) provides that "a court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification ... if application is made to it within ten days after entry of the order." The decision denying class certification was entered on November 20, 2002 and ten days have expired, without any action by the plaintiff to appeal that decision. Therefore, there is no longer a reason to delay remanding this action.

## CONCLUSION

For the reasons explained above, the class action allegations in this action are stricken, and this case is remanded to the New York State Supreme Court, New York County.

**SO ORDERED.**

Civ. 10348, 2000 WL 565192, at *5 (S.D.N.Y. May 9, 2000).